IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-50,791-02






EX PARTE JOHN REYES MATAMOROS








ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. 643410-B IN THE 180TH DISTRICT COURT

HARRIS COUNTY





 Per curiam. 



O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 In November 1992, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted pursuant to Code of Criminal Procedure article
37.071 in favor of the State, and the trial court, accordingly, set punishment at death. This
Court affirmed the conviction and sentence on direct appeal. Matamoros v. State, 901
S.W.2d 470 (Tex. Crim. App. 1995).


 On April 23, 1997, Applicant filed his initial article 11.071 application for writ of
habeas corpus with the convicting court. Upon the trial court's recommendation, this Court
ultimately denied Applicant relief on December 5, 2001. Ex parte Matamoros, No. 50,791-01 (Tex. Crim. App. delivered Dec. 5, 2001).

 Then on June 17, 2003, Applicant filed a subsequent habeas writ application in the
trial court asserting that he is mentally retarded and cannot be executed after the Supreme
Court's decision in Atkins v. Virginia, 536 U.S. 304 (2002), which restricts the state's power
to execute a mentally retarded offender. This Court received the application from the trial
court on October 27, 2003, and on December 10, 2003, this Court remanded the allegation
to the trial court to address the merits of the claim. The trial court held an evidentiary
hearing, entered written findings of fact and conclusions of law, and returned the case to this
Court. It was received here after remand on January 30, 2007.

 This Court has reviewed the record. We adopt the trial court's findings and
conclusions with two exception: (1) This Court rejects the conclusion that applicant fails to
meet the first criterion for mental retardation, i.e., that the applicant fails to show by a
preponderance of the evidence that he has significant sub-average general intellectual
functioning; and (2) This Court does not adopt the trial court's findings and conclusions
regarding the effect bilingualism may have had on either applicant's general intellectual
functioning or applicant's adaptive functioning. Even so, based upon the trial court's
findings and conclusions and our own review, we hold that applicant fails to demonstrate by
a preponderance of the evidence that he has sufficient deficiencies in adaptive functioning
for a diagnosis of mental retardation or that there was an onset of mental retardation during
applicant's developmental period. Because Applicant fails to establish two of the three
required prongs in demonstrating mental retardation, the relief sought is denied.

 IT IS SO ORDERED THIS THE 13TH DAY OF JUNE, 2007.


Do Not Publish